```
                               United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                                  Case No. 20-00952-HWV
Andrew David Oyler-Esteves                                              Chapter 13
Hector Esteves-Oyler
        Debtors                      CERTIFICATE OF NOTICE
District/off: 0314-1          User: AutoDocke             Page 1 of 2            Date Rcvd: Apr 27, 2020
                              Form ID: pdf002             Total Noticed: 35


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 29, 2020.
db             +Andrew David Oyler-Esteves,    574 Race Street,    Millersburg, PA 17061-1158
jdb            +Hector Esteves-Oyler,    1835 Market Street,    Ashland, PA 17921-1133
5312046        +AMERICAN EXPRESS,    4315 S 2700 WEST,    SALT LAKE CITY, UT 84184-0002
5319771         American Express National Bank,    c/o Becket and Lee LLP,    PO Box 3001,
                 Malvern  PA 19355-0701
5312047       ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
                (address filed with court: BANK OF AMERICA,     BANKRUPTCY DEPARTMENT,    4161 PIEDMONT PARKWAY,
                 GREENSBORO, NC 27410)
5312048        +BARCLAY'S BANK DE,    125 S WEST ST,    WILMINGTON, DE 19801-5014
5312049        +BEST BUY CREDIT SERVICES,    PO BOX 790441,    SAINT LOUIS, MO 63179-0441
5312050        +CAP1/WMT,   PO BOX 30258,    SALT LAKE CITY, UT 84130-0258
5312052         CITI - SHELL,    C/O CITI,    PO BOX 6497,    SIOUX FALLS, SD  57117-6497
5312053        +CITI CARDS,    PO BOX 6500,    SIOUX FALLS, SD 57117-6500
5312054        +CITIBANK (SOUTH DAKOTA) NA,    701 EAST 60TH STREET N,    SIOUX FALLS, SD 57104-0493
5312068       ++DEPARTMENT OF LABOR & INDUSTRY,    ATTN OFFICE OF CHIEF COUNSEL,    651 BOAS STREET 10TH FLOOR,
                 HARRISBURG PA 17121-0751
                (address filed with court: UNEMP COMP OVERPAYMENT MATTERS,
                 DEPT OF L&I - OFFICE OF CHIEF COUNSEL,    651 BOAS STREET 10TH FLOOR,    HARRISBURG, PA 17121)
5312057        +FNB OMAHA,   1620 DODGE STREET,    OMAHA, NE 68197-0003
5312058        +FORD CBNA,   PO BOX 6497,    SIOUX FALLS, SD 57117-6497
5312060        +HUD/FHA,   NATIONAL SERVICING CENTER,     301 NW SIXTH ST, STE 200,
                 OKLAHOMA CITY, OK 73102-2811
5321180        +JPMorgan Chase Bank, N.A.,    s/b/m/t Chase Bank USA, N.A.,
                 c/o Robertson, Anschutz & Schneid, P.L.,    6409 Congress Avenue, Suite 100,
                 Boca Raton, FL 33487-2853
5319105        +JPMorgan Chase Bank, N.A.,    s/b/m/t Chase Bank USA, N.A.,
                 c/o National Bankruptcy Services, LLC,    P.O. Box 9013,    Addison, Texas 75001-9013
5312836       ++PERI GARITE,    ATTN CARD WORKS,    101 CROSSWAYS PARK DR W,    WOODBURY NY 11797-2020
                (address filed with court: First National Bank of Omaha,     1620 Dodge Street, Stop Code 3129,
                 Omaha, Nebraska 68197)
5312064         SUSQUEHANNA VALLEY FCU,    3850 HARTZDALE DRIVE,    CAMP HILL, PA 17011-7809
5312069        +UNEMPL COMP TAX MATTERS,    HARRISBURG CASES L&I OFF CHIEF COUNSEL,    651 BOAS STREET 10TH FLOOR,
                 HARRISBURG, PA 17121-0751
5312070         USDOE/GLELSI,    CLAIMS FILING UNIT,    PO BOX 8973,    MADISON, WI 53708-8973

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr             +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Apr 27 2020 19:55:54
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5312051        +E-mail/Text: dehartstaff@pamd13trustee.com Apr 27 2020 19:51:46     CHARLES J DEHART, III, ESQ.,
                 8125 ADAMS DRIVE STE A,    HUMMELSTOWN PA 17036-8625
5312055        +E-mail/Text: bankruptcydesk@colonialsavings.com Apr 27 2020 19:51:44     COLONIAL SAVINGS,
                 2626 W FREEWAY,    PO BOX 2988,    FORT WORTH, TX 76113-2988
5312056         E-mail/Text: RVSVCBICNOTICE1@state.pa.us Apr 27 2020 19:51:31     COMM OF PA DEPT OF REVENUE,
                 BUREAU OF COMPLIANCE,    PO BOX 280946,    HARRISBURG, PA 17128-0946
5320621         E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Apr 27 2020 19:55:22
                 Capital One Bank (USA), N.A.,    by American InfoSource as agent,    PO Box 71083,
                 Charlotte, NC  28272-1083
5312068         E-mail/Text: ra-li-occ-esbkpt-hbg@pa.gov Apr 27 2020 19:51:08
                 UNEMP COMP OVERPAYMENT MATTERS,    DEPT OF L&I - OFFICE OF CHIEF COUNSEL,
                 651 BOAS STREET 10TH FLOOR,    HARRISBURG, PA 17121
5312059         E-mail/Text: ELDABBASM@FREEDOMCU.ORG Apr 27 2020 19:51:14     FREEDOM CREDIT UNION,
                 CENTREPOINTE OFICE CENTER,    626 JACKSONVILLE ROAD SUITE 250,    WARMINSTER, PA 18974-4862
5312061         E-mail/Text: sbse.cio.bnc.mail@irs.gov Apr 27 2020 19:51:17     INTERNAL REVENUE SERVICE - CIO,
                 PO BOX 7346,    PHILADELPHIA, PA 19101-7346
5312062         E-mail/PDF: ais.chase.ebn@americaninfosource.com Apr 27 2020 19:55:20     JPMCB CARD,
                 PO BOX 15369,    WILMINGTON, DE 19850
5312063        +E-mail/PDF: pa_dc_claims@navient.com Apr 27 2020 19:55:01     NAVIENT,   PO BOX 9500,
                 WILKES BARRE, PA 18773-9500
5314731         E-mail/PDF: pa_dc_claims@navient.com Apr 27 2020 19:55:01     NAVIENT PC TRUST,
                 Navient Solutions, LLC.,    PO BOX 9640,    Wilkes-Barre, PA 18773-9640
5312065        +E-mail/PDF: gecsedi@recoverycorp.com Apr 27 2020 19:55:46     SYNCB/AMAZON,   PO BOX 965015,
                 ORLANDO, FL 32896-5015
5312066        +E-mail/PDF: gecsedi@recoverycorp.com Apr 27 2020 19:54:57     SYNCB/LOWES,   PO BOX 965004,
                 ORLANDO, FL 32896-5004
5312067        +E-mail/PDF: gecsedi@recoverycorp.com Apr 27 2020 19:55:46     SYNCB/PPC,   PO BOX 965005,
                 ORLANDO, FL 32896-5005
5312411        +E-mail/PDF: gecsedi@recoverycorp.com Apr 27 2020 19:55:22     Synchrony Bank,
                 c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5312069        +E-mail/Text: ra-li-occ-esbkpt-hbg@pa.gov Apr 27 2020 19:51:08     UNEMPL COMP TAX MATTERS,
                 HARRISBURG CASES L&I OFF CHIEF COUNSEL,    651 BOAS STREET 10TH FLOOR,
                 HARRISBURG, PA 17121-0751
                                                                                              TOTAL: 16
```

```
              ***** BYPASSED RECIPIENTS (continued) *****

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5319355*         +JPMorgan Chase Bank, N.A.,    s/b/m/t Chase Bank USA, N.A.,
                  c/o National Bankruptcy Services, LLC,    P.O. Box 9013,    Addison, Texas 75001-9013
                                                                                      TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 29, 2020                                                    Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 27, 2020 at the address(es) listed below:

```
              Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
              James    Warmbrodt     on behalf of Creditor    CU MEMBERS MORTGAGE, A DIVISION OF COLONIAL SAVINGS,
               F.A. bkgroup@kmllawgroup.com
              Kara Katherine Gendron    on behalf of Debtor 1 Andrew David Oyler-Esteves
               karagendronecf@gmail.com,    doriemott@aol.com;mottgendronecf@gmail.com;bethsnyderecf@gmail.com
              Kara Katherine Gendron    on behalf of Debtor 2 Hector   Esteves-Oyler karagendronecf@gmail.com,
               doriemott@aol.com;mottgendronecf@gmail.com;bethsnyderecf@gmail.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                         TOTAL: 5
```

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| **ANDREW DAVID OYLER-ESTEVES** | : | |
| fka Andrew David Oyler | : | CASE NO. 1:20-bk-00952 |
| **HECTOR ESTEVES-OYLER** | : | |
| fka Hector Estevez | : | ☒ ORIGINAL PLAN |
| Debtors | : | |
| | : | ☐ AMENDED PLAN (indicate 1ST, 2ND, 3RD, etc.) |
| | : | |
| | : | ☐ 0 Number of Motions to Avoid Liens |
| | : | |
| | : | ☒ 1 Number of Motions to Value Collateral |

**CHAPTER 13 PLAN**

NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☒ Included | ☐ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ 0 Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ 0 Included | ☒ Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1. PLAN FUNDING AND LENGTH OF PLAN.**

   A. **Plan Payments From Future Income**
     1. To date, the Debtor paid $ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $21,300.00, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 04/2020 | 03/2025 | $355.00 | $ | | $ 21,300.00 |
| | | $ | $ | | $ |
| | | $ | $ | | $ |
| | | $ | $ | | $ |
| | | $ | $ | | $ |
| | | | | Total Payments | $ 21,300.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.
    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.
    4. CHECK ONE: ☐ Debtor is at or under median income. If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.
    ☑ Debtor is over median income. Debtor calculates that a minimum of $7,860.00 must be paid to allowed unsecured creditors in order to comply with the Means Test.

  **B.** **Additional Plan Funding From Liquidation of Assets/Other**
    1. The Debtor estimates that the liquidation value of this estate is $0. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

Check one of the following two lines.
☑ No assets will be liquidated. If this line is checked, the rest of § 1.B need not be completed or reproduced.

**2. SECURED CLAIMS**
  A. **Pre-Confirmation Distributions**. *Check one*.
☐ None. If "None" is checked, the rest of § 2.A need not be completed or reproduced.
☑ Adequate protection and conduit payments in the following amounts will be paid by the debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
| FREEDOM CREDIT UNION | 2016 Ford Mustang | $35.00 |

    1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.
    2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

  **B**. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor**. *Check one*.
☐ None. If "None" is checked, the rest of § 2.B need not be completed or reproduced. \

Case 1:20-bk-00952-HWV   Doc 9   Filed 03/11/20   Entered 03/11/20 17:00:23   Desc
Main Document    Page 2 of 6
Case 1:20-bk-00952-HWV   Doc 21   Filed 04/29/20   Entered 04/30/20 00:37:03   Desc
Imaged Certificate of Notice    Page 4 of 8

☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| **COLONIAL SAVINGS** | **574 Race Street, Millersburg, PA** | |
| **FREEDOM CREDIT UNION** | **574 Race Street, Millersburg, PA** | |
| **FREEDOM CREDIT UNION** | **2019 Ford F150 XLT blue (approx. 10,000 miles)** | 0202 |
| **FREEDOM CREDIT UNION** | **2018 Ford Fusion SE Hybrid (approx. 60,000 miles)** | |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence)**.
*Check one.*
☐ None. If "None" is checked, the rest of § 2.C need not be completed or reproduced.

☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| **COLONIAL SAVINGS** | **574 Race Street, Millersburg, PA** | Per allowed proof of claim $0 estimated | | Per allowed proof of claim |
| **FREEDOM CREDIT UNION** | **574 Race Street, Millersburg, PA** | Per allowed proof of claim $0 estimated | | Per allowed proof of claim |
| **FREEDOM CREDIT UNION** | **2019 Ford F150 XLT blue (approx. 10,000 miles)** | Per allowed proof of claim $0 estimated | | Per allowed proof of claim |
| **FREEDOM CREDIT UNION** | **2018 Ford Fusion SE Hybrid (approx. 60,000 miles)** | Per allowed proof of claim $0 estimated | | Per allowed proof of claim |

**D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**
☒ None. If "None" is checked, the rest of § 2.D need not be completed or reproduced.

**E. Secured claims for which a § 506 valuation is applicable**. *Check one.*
☐ None. If "None" is checked, the rest of § 2.E need not be completed or reproduced.

☒ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under § 1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action or other action (select method in last column). To the extent not already determined, the amount,

extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| FREEDOM CREDIT UNION | 2016 Ford Mustang EcoBoost Premium Convertible blue | $13,309.00 | Lesser of 4.25% or contract rate | $14,796.00 | Plan --cramdown |

**F. Surrender of Collateral**. *Check one.*
☒ None. If "None" is checked, the rest of § 2.F need not be completed or reproduced.

**G. Lien Avoidance. Do not use for mortgages or for statutory liens, such as tax liens**. *Check one.*
☒ None. If "None" is checked, the rest of § 2.G need not be completed or reproduced.

**3. PRIORITY CLAIMS.**
   **A. Administrative Claims**

   1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.
   2. <u>Attorney's fees</u>. Complete only one of the following options:
       a. In addition to the retainer of $0.00 already paid by the Debtor, the amount of $4,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or
       b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).
   3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*
☒ None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

   **B. Priority Claims (including, certain Domestic Support Obligations**
   Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| NONE | |

   **C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*
☒ If "None" is checked, the rest of § 3.C need not be completed or reproduced.

**4. UNSECURED CLAIMS**
   **A. Claims of Unsecured Nonpriority Creditors Specially Classified**. *Check one of the following two lines.*
☒ None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.

   **B.** All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**. *Check one of the following two lines.*
☒ None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

**6. VESTING OF PROPERTY OF THE ESTATE.**
**Property of the estate will vest in the Debtor upon**
*Check the applicable line:*
☐ plan confirmation.
☐ entry of discharge.
☒ closing of case:

**7. DISCHARGE**: (Check one)
☒ The debtor will seek a discharge pursuant to § 1328(a).
☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION**:
If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.
Payments from the plan will be made by the Trustee in the following order:
Level 1:     Adequate protection payments.
Level 2:     Debtor's attorney's fees.
Level 3:     Domestic Support Obligations.
Level 4:     Secured claims, pro rata.
Level 5:     Priority claims, pro rata.
Level 6:     Specially classified unsecured claims.
Level 7:     General unsecured claims.
Level 8:     Untimely filed unsecured claims to which the debtor has not objected.

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.*

**9. NONSTANDARD PLAN PROVISIONS**
**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**
    (1)  Claim amounts:  The amounts of the claims listed in the plan and schedules are estimated amounts and are not admissions by the Debtors as to the amount(s) owed.
    (2)  Property surrendered under Section 2 F. shall be surrendered in full satisfaction of creditors' claims.
    (3)  Lien Releases.
       (a) Personal Property:  Upon the satisfaction, completion of cramdown payment, or other discharge of a security interest in a motor vehicle, mobile home, or in any other personal property of this estate in bankruptcy for which ownership is evidenced by a certificate of title, the secured party shall within thirty (30) days after the entry of the discharge order or demand  execute a release of its security interest on the said title or certificate, and mail or deliver the certificate or title and release to the Debtor or to the attorney for the Debtor.  Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.
       (b)  Real Property:  Upon the, completion of cramdown payment, strip off, or other discharge of a security interest in real property, the secured party shall within sixty (60) days after the entry of the discharge order file a satisfaction piece or release of its security interest in the office of the Recorder of Deeds for the county in which the real estate is located. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.
    (4)  Confirmation of this Plan shall not bar the Debtor from:
       (a) filing objections to any claims;
       (b) amending his schedules to add a creditor who was omitted from his schedules and to amend this Plan to provide for the treatment of such creditor or any other creditor who failed to timely file a proof of claim;

(c) seeking to avoid a lien under Section 522 of the Code or seeking the determination of the extent, validity and/or priority of any liens;
(d) seeking a determination as to the dischargeability of any debt; or
(e) selling any asset of his free and clear of liens and encumbrances.

.

/s/ Dorothy L. Mott, /s/ Kara K. Gendron
_____
Dorothy L. Mott, Kara K. Gendron
Attorneys for Debtor(s)


/s/ Andrew David Oyler-Esteves
Debtor


/s/ Hector Esteves-Oyler
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9